GILBERTSON, Chief Justice
(concurring in result).
[¶ 41.] In this case Commissioner Van Hove did much more than receive input from the citizens of Turner County. Basically, as a commissioner he attempted to orchestrate a plan whereby Turner County would avoid a lawsuit, which would subject it to potentially substantial detrimental financial consequences due to the erroneous issuance of a conditional use permit by a county official, and then voted as a member of the Board of Adjustment to put this plan into action. Such action on his part is incompatible with his duties as an impartial member of the Turner County Board of Adjustment.
[¶ 42.] However, the Court does not stop there but proceeds to impose a virtual ban on citizen contact with locally elected boards despite the fact that they were elected by those very citizens. It does so by declaring such communications to fall within prohibited “ex parte” contact with public officials charged in part with execution of quasi-judicial duties. To do so, the Court places heavy reliance on the case of Hanig v. City of Winner, 2005 SD 10, 692 N.W.2d 202. The issuance of this conditional use permit was obviously controversial within Turner County. All the more reason that the citizens should have the right to be heard and not silenced from contacting their local officials under the declaration of a ban upon “ex parte communications.” What I had to advocate in my dissent in Hanig I continue to believe:
Perhaps my strongest disagreement with the opinion of the Court is in its determination that citizen communication with the remaining five council members constituted an “indirect personal interest” which tainted their vote. This license application clearly was an important and controversial 'request within the City of Winner. Opposition to it at the council hearing ran the gamut.... What of the First Amendment which guarantees citizens the right of petitioning their public officials? Are phone calls, personal contact and letters to officials now tainted? What about indirect contact such as letters to the *657 local newspaper? Are citizens now effectively silenced unless they personally appear at the meeting to voice their objections? “ ‘Whatever differences may exist about interpretations of the First Amendment, there is practically universal agreement that a major purpose of the Amendment was to protect the free discussion of governmental affairs.’ ”
Hanig, 2005 SD 10, ¶ 44, 692 N.W.2d at 215 (Gilbertson, C.J., dissenting) (citing State v. Springer-Ertl, 2000 SD 56, ¶ 11, 610 N.W.2d 768, 771) (citing Landmark Communications, Inc. v. Virginia, 435 U.S. 829, 838, 98 S.Ct. 1535, 1541, 56 L.Ed.2d 1, 10 (1978) (quoting Mills v. Alabama 384 U.S. 214, 218, 86 S.Ct. 1434, 1437, 16 L.Ed.2d 484, 488 (1966))).
[¶ 43.] Further, the Court attempts to bolster its doctrine by citation to SDCL 1-26-26 which precludes ex parte contact with agency boards and employees. While conceding it does not explicitly apply, it then goes on to reverse course by declaring it sets forth “a generally accepted directive against ex parte communications and can provide guidance for quasi-judicial local entities.” See supra ¶ 27. Yet SDCL 1-26-1(1) which defines the term “Agency” specifically excludes from the scope of that chapter “any unit of local government.” Could this be a legislative recognition that those citizens who elect their local officials have a constitutional right to contact them?
[¶ 44.] In conclusion, a due process violation does not occur simply because a person serves in two roles. Furthermore, an elected official in South Dakota’s communities will inevitably have contact with citizens about matters of public interest. Such contacts alone will not require the official to recuse him or herself from serving as a quasi-judicial official in another capacity. It is only when the official’s authority, statements, or actions regarding the issue while serving in one role create an unacceptable risk of bias when serving in the other that they must do so, i.e. when a reasonably-minded person would conclude that the official’s interests in the matter had the likely potential to influence his impartiality in its resolution.
[¶ 45.] I believe the majority has either unclearly or erroneously identified the disqualifying conflict in this case. The due process violation does not arise because Van Hove wore two hats. Neither does it arise should he have received citizen input prior to the hearing. Instead, the violation occurred because the extent to which Van Hove involved himself in the issue while wearing his county commissioner hat would lead a reasonably-minded person to conclude that his impartiality had been influenced when wearing his board of adjustment hat. Clearly Commissioner Van Hove could not be allowed to organize a campaign to extract the county from its legal difficulties and then vote as a member of the Board to do so. That is as far as this Court need go to decide this matter.
[¶ 46.] For the above reasons, I concur in result.